[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SUPPLEMENTAL JUDGMENT
The court dissolved the marriage of the parties on January 3, 2000 and at that time entered orders involving custody and visitation.
The court reserved jurisdiction to review, upon request of the parties, the visitation schedule it had ordered. This invitation was accepted and proposed changes were submitted by CT Page 2415 the defendant and the guardian ad litem.
After a consideration of the requests presented, the court has decided to revise its orders entered relating to the visitation schedule.
The following orders shall enter as the general visitation schedule on a four week recurring basis in substitution of paragraph 5 on page 7 of the memorandum of decision dated January 3, 2000. The judgment shall remain in full force and effect as to all other provisions set forth in the memorandum of decision.
(5) The following shall be the general visitation schedule on a four week recurring basis, which the parties may adjust by written agreement only.
 A. Week One
 The defendant shall have the child with him from Thursday at 5 p. m. until Sunday at 5 p. m.;
 B. Week Two and Week Three
 The defendant shall have the child with him from Thursday at 5 p. m. until the following Tuesday at 5 p. m.;
 C. Week Four
 The defendant shall have the child with him from Thursday at 5 p. m. until Sunday at 5 p. m. The defendant shall also have the child with him in the Greenwich area from 10 a.m. until 6 p. m. on a week day agreed to between the parties. For that visit the child shall be delivered to the defendant in the New Haven area at an agreed location.
The court declines at this time the request to set a different visitation schedule for the months of June through August. This issue may be revisited after Joshua completes kindergarten to accommodate his attending school on a full time basis.
 D. The parties shall meet at an agreed location for the pick up and delivery of Joshua for his visits with the defendant. The location, which shall be agreed upon in writing, shall be in an area that is approximately equal CT Page 2416 in distance between Framingham, Massachusetts and Greenwich, Connecticut. For those transfer times when the plaintiff is traveling to Connecticut, the transfer location shall be at an agreeable location in Fairfield, Connecticut. Absent an agreement, the transfer shall be at the Athena Diner on the Post Road in Fairfield, Connecticut. If either party desires, he or she may permit a responsible adult to deliver or pick up the child.
 E. The parties shall alternate legal and religious holidays.
 F. Each party shall have the child with him or her on their respective birthdays and shall alternate the child's birthday. For the child's birthday in the year 2000, he shall be with the plaintiff from 9 a.m. to 12 noon, and with the defendant from 12 noon until 6 p. m. Thereafter, the schedule will alternate accordingly.
 G. The child shall be with the plaintiff on Mother's Day and with the defendant on Father's Day.
 H. Starting with calendar year 2000, the parties shall annually be entitled to a one-week period with the child with no mid-week visitation by the other parent. In even numbered years, the plaintiff shall notify the defendant of her selection by March 1st, and the defendant shall notify the plaintiff of his choice by April 1st. On odd numbered years, the procedure shall be reversed with the defendant making the first choice. For the year 2000 only, the election may be made by April 1st by the plaintiff and May 1st by the defendant.
Judgment may enter accordingly.
Novack, J.